UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **BRYAN CARY, #269436,**<br><br>Plaintiff,<br><br>vs.<br><br>**LOXTON,**<br><br>Defendant. | CASE NO. 2:22-CV-10854<br><br>HON. TERRENCE G. BERG<br><br><br>**OPINION AND ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT** |

## I.  Introduction

Michigan prisoner Bryan Cary ("Plaintiff"), currently confined at the Macomb Correctional Facility in Lenox Township, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an application to proceed without prepayment of fees or costs for this action. *See* 28 U.S.C. § 1915(a)(1).  Plaintiff's complaint concerns an action by a corrections officer at Macomb in December 2021, that caused an injury to his finger requiring stitches.  Having reviewed the matter and for the reasons stated herein, the Court denies the application to proceed without prepayment of fees or costs and dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. Court records reveal that he has filed at least three prior civil actions which have been

2

dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Cary v. Losacco*, No. 18-cv-11396 (E.D. Mich. July 11, 2018); *Cary v. McCaul,* No. 1:18-cv-00652 (W.D. Mich. Aug. 15, 2018); *Cary v. Eaton*, No. 11-cv-13151 (E.D. Mich. Oct. 17, 2011). Plaintiff also is on notice that he is a three-striker having had multiple cases dismissed pursuant to 28 U.S.C. § 1915(g). *See, e.g, Cary v Ali*, No. 2:21-cv-13044 (E.D. Mich. Jan. 6, 2022); *Cary v. Peterson*, No. 19-cv-13393 (E.D. Mich. Nov. 27, 2019); *Cary v. Parole Bd., et al.*, No. 19-cv-12634 (E.D. Mich. Nov. 18, 2019); *Cary v. McCumber-Hemry*, No. 17-cv-12842 (E.D. Mich. July 12, 2018).

As a "three-striker, Plaintiff cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within the statutory exception to the three strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). Plaintiff alleges no such facts. He fails to show that he is under imminent danger of serious physical injury so as to fall within the exception to the three

3

strikes rule. To be sure, his complaint involves a finger injury that occurred in 2021. However, allegations of past injury and conclusory allegations are insufficient to satisfy the exception to the three strikes rule. *See Vandiver v. Prison Health Svs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citing *Rittner*, 290 F. App'x at 797-98; *Taylor v. First Med. Mgt.*, 508 F. App'x 488, 492 (6th Cir. 2012)). Consequently, Plaintiff may not be allowed to proceed without prepayment of the filing fee for this action.

### III. Conclusion

Based upon the foregoing discussion, the Court concludes that Plaintiff has filed at least three previous lawsuits which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted and that he fails to establish that he is under imminent danger of serious physical injury, so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, the Court **DENIES** the application to proceed without prepayment of fees or costs and **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with full payment of the filing fee ($350.00) and the administrative fee ($52.00).

Lastly, the Court concludes that it has properly applied the "three

strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: May 25, 2022        s/Terrence G. Berg
                          TERRENCE G. BERG
                          UNITED STATES DISTRICT JUDGE